UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALTON DILLON | CIVIL ACTION |
| VERSUS | NO: 18-1066 |
| INTERNATIONAL PAPER CO., ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 48)** filed by Defendants, International Paper Co. and Old Republic Insurance Co. Plaintiff, Alton Dillon, opposes the motion. The motion, noticed for submission on August 8, 2018, is before the Court on the briefs without oral argument.

This suit arises out of personal injuries that plaintiff Alton Dillon allegedly sustained on October 18, 2016, while on the premises of defendant International Paper Co. ("IP"). IP operates a paper mill in Bogalusa, Louisiana. Old Republic is IP's insurer. Dillon was employed by Bradley Reid Logging, Inc. ("Reid") as a truck driver. At the time of his injuries Dillon was engaged in delivering a load of logs to IP. The work that Dillon was performing at IP took place pursuant to a Master Wood Purchase and Service Agreement ("Agreement") between Reid and IP. (Rec. Doc. 48-6). Section 15 of that contract states:

> In Louisiana, for work and/or services performed by [Reid] at [IP's] owned or leased sites, it is further agreed between [Reid] and [IP] that the work being performed by [Reid] is part of [IP's] trade, business or occupation, and the work performed by [Reid] pursuant to this Agreement is an integral part of and essential to the ability of [IP] to generate [its] goods, products and/or services. Accordingly, pursuant to La. R.S. 23:1061, [IP] is the statutory employer of [Reid's] employees, including both direct and statutory employees, performing work under this Agreement. [Reid] assumes full responsibility for supervising and directing its employees.

(Rec. Doc. 48-6, Agreement § 15(b)).

IP now moves for summary judgment arguing that as Dillon's statutory employer it is immune from suit pursuant to Louisiana's worker's compensation scheme. Dillon attacks the Agreement under the reasoning employed by the majority in *Prejean v. Maintenance Enterprises, Inc.*, 8 So. 3d 766 (La. App. 4th Cir. 2009). Dillon also argues that IP's motion is premature because discovery remains open, and Dillon has scheduled IP's 30(b)(6) deposition for September 6, 2018. Dillon contends that he will delve into the authenticity of the Agreement as part of this upcoming corporate deposition.

Louisiana Revised Statute § 23:1061 provides in relevant part:

> Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, ***the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032*** . . . . For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

La. R.S. § 23:1061(A)(1) (emphasis added).

Subpart A(2) of the same section states in relevant part:

> [A] statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, ***unless there is a written contract between the principal and a contractor*** which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, ***there shall be a rebuttable presumption*** of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. ***This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.***

La. R.S. § 23:1061(A)(3) (emphasis added).

*Pretermitting the issue of authenticity*, the Court is persuaded that under the terms of the Agreement IP will meet its initial burden under § 23:1061 of establishing that it was Dillon's statutory employer. *Prejean* invalidated a contractual statutory employer provision because the principal added contractual language that purported to limit its liability to the injured worker for compensation benefits. The majority in that case was obviously troubled at the prospect of a non-employer defendant receiving full tort immunity while at the same time shirking its "proportional and correlative" obligation to unconditionally pay worker's compensation benefits. *Prejean*, 8 So. 3d at 1175.

The Agreement does not purport to limit IP's obligation to pay worker's compensation benefits to Dillon should he choose to pursue them directly from IP. Indeed, any such contractual provision would be in violation of Louisiana law and would be unenforceable. What the Agreement does do, however, is expressly shift all financial responsibility for claims arising out of Dillon's injuries to Reid by way of extremely onerous indemnity requirements. Thus, a principal in IP's position pays nothing in return for tort immunity. But this scenario appears to be what La. R.S. § 23:1061(B) expressly envisions ("When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."). Thus, the Court is not persuaded that the Agreement suffers from the *Prejean* problem.

Again *pretermitting the issue of authenticity*, pursuant to § 23:1061(A)(3) the burden will shift to Dillon to establish that his work was not an integral part of or essential to the ability of IP to generate its goods, products, or services. The jurisprudence in this area is not favorable to Dillon because the terms "integral" and "essential" are so broadly interpreted as

to almost write them out of the statute altogether. But regardless of what other decisions hold in marginal cases, *under the facts of this case* Dillon is going to be hard-pressed to rebut the statutory presumption that his job duties were "integral" and "essential" to IP's operations.

Nonetheless, Dillon has reason to believe that he can either challenge the authenticity of the Agreement or rebut the statutory presumption based on information that he intends to obtain from IP's upcoming 30(b)(6) deposition. The Court recognizes that Dillon's opposition is not a paragon of conformance to Rule 56(d) but the Court will deny IP's motion for summary judgment without prejudice in order to allow the deposition to go forward. IP will be allowed to re-move for summary judgment on the statutory employer issue so long as it participates in the 30(b)(6) deposition in good faith.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 48)** filed by Defendants, International Paper Co. and Old Republic Insurance Co. is **DENIED** without prejudice.

August 20, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE