UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ALTON DILLON | CIVIL ACTION |
|---|---|
| VERSUS | NO: 18-1066 |
| INTERNATIONAL PAPER CO., ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 83)** filed by Defendants, International Paper Co. and Old Republic Insurance Co. Plaintiff, Alton Dillon, opposes the motion. The motion, noticed for submission on October 31, 2018, is before the Court on the briefs without oral argument.

This suit arises out of personal injuries that plaintiff Alton Dillon allegedly sustained on October 18, 2016, while on the premises of defendant International Paper Co. ("IP"). IP operates a paper mill in Bogalusa, Louisiana. Old Republic is IP's insurer. Dillon was employed by Bradley Reid Logging, Inc. ("Reid") as a truck driver. At the time of his injuries Dillon was engaged in delivering a load of logs to IP. The work that Dillon was performing at IP took place pursuant to a Master Wood Purchase and Service Agreement ("Agreement") between Reid and IP. (Rec. Doc. 48-6). Section 15 of that contract states:

> In Louisiana, for work and/or services performed by [Reid] at [IP's] owned or leased sites, it is further agreed between [Reid] and [IP] that the work being performed by [Reid] is part of [IP's] trade, business or occupation, and the work performed by [Reid] pursuant to this Agreement is an integral part of and essential to the ability of [IP] to generate [its] goods, products and/or services. Accordingly, pursuant to La. R.S. 23:1061, [IP] is the statutory employer of [Reid's] employees, including both direct and statutory employees, performing work under this Agreement. [Reid] assumes full responsibility for supervising and directing its employees.

(Rec. Doc. 48-6, Agreement § 15(b)).

On July 24, 2018, Defendants filed a motion for summary judgment arguing that as Dillon's statutory employer they were immune from suit pursuant to Louisiana's worker's compensation scheme. Dillon attacked the Agreement under the reasoning employed by the majority in *Prejean v. Maintenance Enterprises, Inc.*, 8 So. 3d 766 (La. App. 4th Cir. 2009). The Court rejected that argument. (Rec. Doc. 61).

But Dillon argued that IP's motion was premature because discovery remained open, and Dillon had scheduled IP's 30(b)(6) deposition for September 6, 2018. Dillon explained that he intended to delve into the authenticity of the Agreement as part of this upcoming corporate deposition. The Court therefore denied the motion for summary judgment in order to allow the deposition to go forward, without prejudice to Defendants' right to re-move for summary judgment on the statutory employer issue. (Rec. Doc. 61).

The corporate deposition took place on October 8, 2018, and Defendants now re-urge summary judgment on the statutory employer issue. The deposition did not provide evidence to rebut the statutory employer presumption in this case. Plaintiff therefore re-urges his legal argument based on the *Prejean* decision in order to preserve this argument for the record. (Rec. Doc. 98, Opposition at 3).

Therefore, for the reasons that the Court provided when it denied Defendants' first motion for summary judgment without prejudice (Rec. Doc. 61),[1] Defendants are entitled to judgment as a matter of law on the tort claims being asserted.

Accordingly, and for the foregoing reasons;

---

[1] The Court's prior Order and Reasons contains a detailed legal analysis as to why Defendants are entitled to the relief sought.

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 83)** filed by Defendants, International Paper Co. and Old Republic Insurance Co. is **GRANTED**. Plaintiff's claims against International Paper Co. and Old Republic Insurance Co. are **DISMISSED** with prejudice.

October 31, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE